## UNITED STATES v. SMITH.
### No. 20502.

District Court, E. D. Missouri, E. D.
April 9, 1938.

Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo.

Robert L. Spelbrink, of St. Louis, Mo., for defendant.

MOORE, District Judge.

The seizure in this case was made by two police officers, members of the Metropolitan Police Department of the City of St. Louis, Missouri. The testimony showed that the two police officers Lauer and Hunt entered the residence of the defendant and, without any warrant, or search warrant, had placed the defendant under arrest, and then made defendant reach into her clothes and take out a package containing the narcotics in question and deliver same to the officers.

The testimony of the officers and of John M. Tully, United States Chief Narcotic Agent, establish that both officers co-operated with the Federal narcotic officers; that they accompanied Mr. Tully, or his subordinates, on raids; and, also, Lauer testified that sometimes he and Officer Hunt went by themselves and made cases and turned them over to the Government. Officer Hunt testified that he was assigned to the Secret Service Division to co-operate with the Federal narcotic agents in apprehending narcotic users, dealers, etc. He testified that he went on raids with Mr. Tully, the Federal Narcotic Agent, only when he (Tully) had a search warrant. He further testified that he sometimes went out with narcotic agents and said that in all these cases when he went out and got evidence he took that evidence to Mr. Tully's office. He testified that he went to the home of the defendant and arrested two individuals that he found at the door of her place, and walked on into defendant's bedroom and placed her under arrest, saying, "Josephine, you are under arrest; we are hearing too many complaints". He testified that he had no search

warrant, and that after he had placed the defendant under arrest it was at his direction that she took the narcotics out of her clothes and handed them to him.

■ It is true that the Fourth Amendment to the United States Constitution, U.S.C.A.Const. Amend. 4, prohibiting unlawful searches, is directed only against the Federal Government and its agencies, and not against the individual conduct of state officials; but these police officers were regularly detailed to work and co-operate with the Federal narcotic officers: they testified that when they made cases they turned them over to the Federal narcotic agents. Their testimony showed that they entered the residence of the defendant because they saw people known to them to be addicts about and because they said there had been complaints about morphine being sold there, and they knew who lived there.

It is clear that if this seizure had been made by the Federal narcotic agents that it would have been in violation of the Fourth Amendment, and the motion to suppress would have to be sustained.

■ It is true that the Fourth Amendment is not directed to individual misconduct of state officers. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177. But here we have a case where these police officers are assigned and work regularly with the Federal narcotic agents; where they testify that they accompany them on raids, where they have search warrants; and where they testified that any cases they make they turn over to the Federal authorities. Ordinarily the use of this evidence would not be prohibited, because of the fact that it had been secured in an unlawful manner by state officers: but we have here a case where the state officers are regularly detailed to work with and co-operate with the Federal narcotic agents, and when they made cases they turned them over to the Federal authorities.

■ If, under the stated circumstances, the evidence is not suppressed citizens would be afforded small protection from unlawful search and seizure under the Fourth Amendment to the Constitution of the United States. As was aptly said by Mr. Justice Bradley, in Boyd v. United States, 116 U.S. 616, loc. cit. 635, 6 S.Ct. 524, 535, 29 L.Ed. 746:

"Illegitimate and unconstitutional practices get their first footing in that way, namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."

In United States v. Falloco, D.C., 277 F. 75, a case involving a very similar state of facts, Judge Van Valkenburgh, said (page 82):

"I do not think it necessary to show that the officers of the government had special knowledge, or issued special directions, in each specific case. If we were to ignore this circuitous, uninterrupted, but substantial evasion of the Fourth Amendment to the Constitution of the United States, even though that evasion was unconscious and unstudied, we should countenance a departure from the spirit of our fundamental law more harmful in its far-reaching effects than the evil here sought to be remedied. Nothing herein said is to be construed as a surrender of the right of the government to avail itself, without stint, of evidence incidentally secured by state officers under the rules, principles and conditions announced by the Supreme Court and other courts of the United States. I simply hold that, under the situation here presented by the record, the police officers in the cases at bar were so far recognized agencies of the government in the enforcement of the * * * law that their acts must be governed by the limitations imposed by the federal Constitution."

The language used by Judge Van Valkenburgh above could well be applied to the instant case.

The motion of defendant to suppress the evidence and quash the indictment sustained.